IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDINE,<br><br>        Plaintiff,<br><br>  v.<br><br>KANTEMIROV, *et al.*<br><br>        Defendants.<br>_____/ | No. C06-01302 MJJ<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

      Pending before the Court is Defendant Boris Kantemirov's Motion to Dismiss this lawsuit for lack of subject matter jurisdiction (Doc. #5). Plaintiff Barry Goldine has filed an Opposition (Doc. #15). The Court now rules as follows.

I.     Background

      On February 22, 2006, Goldine filed this action against Defendants Kantemirov and Skip Lightfoot, asserting claims for: (1) copyright infringement under 17 U.S.C. §106; (2) unfair competition under California Business and Professions Code §17200; (3) breach of contract; (4) misappropriation of trade secrets under California Civil Code §3426; (5) common law misappropriation; (6) common law unfair competition; and (7) civil conspiracy. (Doc. #1.) According to Goldine's Complaint, Goldine owns and operates the website www.bigwheels.net as part of his "off-line" business, Adds Wheel Warehouse. (Compl. at ¶3.) The website incorporates a database that includes tens of thousands of specifications for fitting various vehicles with oversized wheels and tires that Goldine compiled and copyrighted (Certificate of Registration no. TX 6-159-388). In early 2002, Goldine "engaged"

Kantemirov as a website developer to work on Goldine's website. Goldine alleges that, while working as a website developer on bigwheels.net, Kantemirov extorted money from Goldine and solicited business from several of bigwheel.net's competitors and offered to provide them with confidential and proprietary information, including information about the database. In January 2005, Goldine shut down the website. Goldine subsequently contracted with another website developer to build a new website for bigwheels.net, using industry standard MySQL database program and Goldine's own database. The bigwheels.net website was re-launched soon thereafter. According to Goldine, during this time, Kantemirov "misappropriated [Goldine's] proprietary [d]atabase and set up his own on-line wheels and tires websites . . . with Defendant Lightfoot." In response, Goldine sent Defendant Lightfoot a cease-and-desist order regarding the alleged copyright infringement. However, Goldine alleges that Defendants continue to use his database in their websites without Goldine's permission. Goldine thereafter filed this lawsuit.

Kantemirov now moves to dismiss Goldine's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

II.     Legal Standard

Rule 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, the Court presumes lack of jurisdiction until the party invoking jurisdiction proves it exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The party seeking to invoke the Court's jurisdiction bears the burden of establishing subject matter jurisdiction. *See id.* A party challenging the Court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in the plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir.2001). In contrast, when the movant raises a factual attack, the Court may consider extrinsic evidence presented on the jurisdictional issue. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). Further, in a evaluating a factual attack the Court need not assume that the truthfulness of

the allegations and may resolve factual disputes, if necessary. *See White*, 227 F.3d at 1242.

III.     Discussion

In his Motion, Kantemirov seeks an order finding that no subject matter jurisdiction exists over this action and remanding this action to state court.[1] According to Kantemirov "[t]his Court lacks subject matter jurisdiction over Plaintiff's [] Complaint under 28 U.S.C. § 1331 because [a] majority of the claim[s] asserted in the Complaint do[] not arise under the Constitution, law, or treaties of the United States and there is already a [s]tate action concerning these claims." (Doc. #5-1, Mot. at 2.) The Court will address each of Kantemirov's proffered bases, in turn.

Section 1331 confers subject matter jurisdiction over actions "arising under the Constitution, laws or treaties of the United States." Thus, to succeed on his Motion, Kantemirov must show that no federal question exists on the face of Goldine's well-pleaded Complaint. Reviewing the Complaint, Goldine has pled a claim for copyright infringement under 17 U.S.C. § 106, and seeks relief in the form of damages under disgorgement under the Copyright Act. Under 28 U.S.C. § 1338(a), "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights[.]" The Ninth Circuit has noted that "just because a case involves a copyright does not mean that federal subject matter jurisdiction exists." *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985-86 (9th Cir. 2003). However, claims for copyright infringement fall within the purview of §1338(a). *See Id.* Accordingly, because Goldine has expressly pled a copyright infringement claim and seeks relief under the Copyright Act, the Court has subject matter jurisdiction over that claim.

As to Goldine's state law claims, the Court may exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a), provided they are transactionally-related to Goldine's federal claim. Based on its review of Goldine's Complaint, it appears that Goldine's state and common law claims each concern the same events and transactions that form the basis of Goldine's copyright infringement claim. Thus, the Court exercises its supplemental jurisdiction over Goldine's state and common law claims.

---

[1] The Court notes that this case was initiated when Goldine filed his Complaint in this Court; the action was not removed from state court. Thus, even if the Court were to grant Kantemirov's Motion, remand is inappropriate.

3

1    In sum, the Court finds that federal subject matter jurisdiction exists based on Goldine's
2    copyright infringement claim, and the Court exercises supplemental jurisdiction over Goldine's state
3    and common law claims.  The Court therefore **DENIES** Kantemirov's Motion on this basis.

4    Alternatively, Kantemirov asserts that this Court lacks jurisdiction over this matter because
5    Goldine "has brought this action previously and this court remanded it to [s]tate [c]ourt." Kantemirov
6    also asserts that "there is currently a [s]tate [a]ction with identical claims concerning the same parties."
7    As to Kantemirov's first argument, the Court has reviewed the docket in *Kantemirov v. Goldine*, Case
8    No. C 05-01362 HRL.  In that matter, which also concerned the business generated from and the rights
9    to the www.bigwheels.net website, Kantemirov sued Goldine in state court,  and Goldine removed the
10   action to the Northern District based on federal question jurisdiction.  Following removal, Kantemirov
11   counterclaimed against Goldine, including a claim for copyright infringement.  Thereafter, Magistrate
12   Judge Lloyd issued an Order dismissing Kantemirov's claims for copyright infringement on the ground
13   that Kantemirov had not yet satisfied the jurisdictional prerequisites to sue for copyright infringement
14   under 17 U.S.C. § 411(a).  Without any basis for subject matter jurisdiction, Judge Lloyd remanded the
15   action to state court.

16   According to Kantemirov, all of the claims that Goldine asserted in his counterclaim in the C
17   05-01362 action are identical to those he is asserting in this lawsuit.  Additionally, Kantemirov argues
18   that because those claims are currently being litigated in state court, this Court lacks jurisdiction to
19   adjudicate them.  Despite these assertions, Kantemirov has failed to include a copy of Goldine's
20   counterclaim pending in the state court action.  While Goldine's First Amended Counterclaims filed in
21   the C 05-01362 matter[2] gives some indication of how Goldine's counterclaims in the state matter align
22   with his claims in this case, the Court cannot conclude that Goldine's counterclaim has not been
23   amended following  remand to state court.  Moreover, other than making the conclusory statement that
24   this lawsuit and the state lawsuit are identical, Kantemirov provides no analysis in support of this
25   assertion.  Further, to the extent that Kantemirov argues that the pending lawsuit in state court divests
26   this Court of jurisdiction, Kantemirov is mistaken.  While claims currently being litigated in state court
27   may support an argument in favor of abstention by this Court, *see Hinman v. Fujitsu Software Corp.*,

---

[2]Case No. C 05-01362, Doc. #22.

4

No. C 05-03509, 2006 WL 358073, at *1-2 (N.D. Cal. Feb. 13, 2006), they do not deprive this Court of jurisdiction over claims satisfying the criteria set forth in 28 U.S.C. § 1331.

Accordingly, to the extent that Kantemirov seeks to dismiss this action for lack of subject matter jurisdiction based on the pending state court action, the Court **DENIES** Kantemirov's Motion.[3]

IV.   Conclusion

Foe the reasons set forth above, the Court **DENIES** Kantemirov's Motion to Dismiss (Doc. #5). Further, the Court **VACATES** the hearing set for June 20, 2006.

**IT IS SO ORDERED.**

Dated: June 15, 2006.

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[3] Nothing in this Order shall be construed as foreclosing Kantemirov from filing a Motion for Abstention.

5